IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

   v.

CHRISTIAN ROSARIO, a/k/a PG,

   Defendant.

07-CR-187-S

---

**SPEEDY TRIAL SUBMISSION AND ORDER**
(February 17, 2010 - March 24, 2010)


On February 17, 2010, the parties appeared for argument on the government's motion to set a trial date. Assistant United States Attorney Charles B. Wydysh appeared on behalf of the government; defendant Christian Rosario was present and represented by John Jordan, Esq.

At the proceeding, Mr. Jordan advised the Court that the parties have agreed in principle to a pretrial plea disposition. Mr. Wydysh then advised the Court that the government needed additional time to finalize the plea agreement.

On the basis of the representations of the parties, and there being no objection by the defense, the Court ordered the matter be rescheduled for a change-of-plea proceeding March 24, 2010 at 10:30 a.m. With the consent of counsel for both parties, the Court

further excluded the time in this action from and including February 17, 2010, to and including March 24, 2010, as being in the interest of justice and not contrary to the interests of the public and the defendant in a speedy trial, pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(iv).

Specifically, and for the reasons set forth above, the ends of justice served by excluding the period of time from February 17, 2010, to and including March 24, 2010, to permit the parties time to finalize a pretrial resolution, and thus possibly avoid the expense of a trial and an appeal, taking into account the exercise of due diligence, outweigh the best interest of the public and the defendant in a speedy trial, pursuant to Sections 3161(h)(7)(A) and 3161(h)(7)(B)(iv).

The Court has also examined the docket in this case, as well as the numerous court filings, and hereby makes the following findings regarding the status of the time remaining on the Speedy Trial Act clock:

> **December 4, 2007 - December 12, 2007.** On December 4, 2007, a federal grand jury returned a Superseding Indictment charging the defendant, along with 12 other individuals, with conspiracy to distribute, and to possess with intent to distribute, one kilogram or more of heroin, in violation of Title 21, United States Code, Section 846. The defendant was arraigned on the Indictment on December 12, 2007. The time between the return of the Indictment and the defendant's arraignment is properly excluded from the Speedy Trial Act

clock, pursuant to 18 U.S.C. § 3161(h)(1)(D), because, at the time, co-defendants Pedro Antonetty, Jorge Olivera, Carmelo Mercado and Israel Concepcion, had motions for extensions of time to file pretrial motions pending (filings 30 and 31), and therefore, the delay resulted "from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion."  In accordance with § 3161(h)(6), formerly § 3161(h)(7), time under the Speedy Trial Act clock was excluded for all defendants from December 4, 2007 through December 12, 2007.

**December 12, 2007 - April 7, 2008.** On December 12, 2007, the defendant was arraigned on the Indictment.  Magistrate Judge Schroeder ordered discovery to be complete by January 4, 2008, and the defense to file any pretrial motions by April 7, 2008. Magistrate Judge Schroeder ordered that the time between December 12, 2007 and April 7, 2008 be excluded in the interest of justice, pursuant to 18 U.S.C. § 3161(h)(8)(A), as well as pursuant to 18 U.S.C. § 3161(h)(8)(B)(iv).  On December 19, 2007, Magistrate Judge Schroeder issued a written order as to defendant Christian Rosario excluding the time pursuant to § 3161(h)(8)(A) and § 3161(h)(8)(B)(iv).  (See Filing 117).

**April 8, 2008 - June 2, 2008.** Based on motions filed by several defense attorneys, including defendant Christian Rosario's counsel, Magistrate Judge Schroeder entered an Amended Scheduling Order with respect to defendant Christian Rosario.  Magistrate Judge Schroeder ordered defendant Christian Rosario to file any motions by June 2, 2008.  In the Order, the Court specifically found that the time between April 8, 2008 and June 2, 2008 should be excluded from the Speedy Trial Act, pursuant to § 3161(h)(8)(A) and § 3161(h)(8)(B)(iv).  (See Filing 151).  In accordance with § 3161(h)(6), formerly § 3161(h)(7), time under the Speedy Trial Act clock was excluded for all defendants through June 2, 2008.

**June 3, 2008 - October 23, 2009.** On June 3, 2008, co-defendant Robert Garigal filed an omnibus motion, which included a motion to suppress statements. (Filing 159).  The government responded to the omnibus motion on July 2, 2008.  (Filing 174). Between May 29, 2008 and June 19, 2009 attorneys for several co-defendants continuously filed motions for extensions of time to file pretrial motions between May 29, 2008 and June 19, 2009 (see filings 156, 173, 184, 193, 194, 228, 244, 263, 269, 283, 304, 315, 326), and therefore, Magistrate Judge Schroeder never scheduled oral argument on

-3-

co-defendant Garigal's omnibus motion before co-defendant Garigal's entry of a guilty plea on October 23, 2009, which then terminated co-defendant Garigal's omnibus motion. Nevertheless, because co-defendant Garigal's omnibus motion was pending during this entire time period, the time between June 3, 2008 and October 23, 2009 is properly excluded from the Speedy Trial Act clock, pursuant to 18 U.S.C. § 3161(h)(1)(D) (formerly § 3161(h)(1)(F)), because the delay resulted "from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion." In addition, in accordance with § 3161(h)(6), formerly § 3161(h)(7), time under the Speedy Trial Act clock was excluded for all defendants through October 23, 2009.

**September 30, 2009 - December 4, 2009.** Based on a motion filed by defendant Christian Rosario's counsel (filing 352), Magistrate Judge Schroeder entered a Fifteenth Amended Scheduling Order with respect to defendant Christian Rosario. Magistrate Judge Schroeder ordered defendant Christian Rosario to file any motions by December 4, 2009. In the Order, Magistrate Judge Schroeder specifically found that the time between September 30, 2009 and December 4, 2009 should be excluded from the Speedy Trial Act, pursuant to § 3161(h)(7)(A) and § 3161(h)(7)(B)(iv). (See Filing 356).

**December 4, 2009 - January 29, 2010.** Based on a motion filed by defendant Christian Rosario's counsel (filing 395), Magistrate Judge Schroeder entered a Sixteenth Amended Scheduling Order with respect to defendant Christian Rosario. Magistrate Judge Schroeder ordered defendant Christian Rosario to file any motions by January 29, 2010. In the Order, Magistrate Judge Schroeder specifically found that the time between December 4, 2009 and January 29, 2010 should be excluded from the Speedy Trial Act, pursuant to § 3161(h)(7)(A) and § 3161(h)(7)(B)(iv). (See Filing 396).

**February 3, 2010 - February 17, 2010.** On February 3, 2010, the government filed a motion to set a trial date in this matter because defendant Christian Rosario did not file any pretrial motions by January 29, 2010. (See filing 412). The Court scheduled that the government's motion be heard on February 17, 2010. (See filing 418). Because the government's motion was pending during this entire time period, the time between February 3, 2010 and February 17, 2010 is properly excluded from the Speedy Trial Act clock, pursuant to 18 U.S.C. § 3161(h)(1)(D) (formerly § 3161(h)(1)(F)), because the delay resulted "from any pretrial motion, from the filing of the

motion through the conclusion of the hearing on, or other prompt disposition of, such motion."

John K. Jordan, Esq., attorney for the defendant Christian Rosario concurs with the government in the foregoing analysis.

**NOW,** it is hereby

**ORDERED**, for the above stated reasons, that the time in this action from and including February 17, 2010, to and including March 24, 2010, is properly excluded from the time within which a trial must be held in this matter, in accordance with the Speedy Trial Act, pursuant to Title 18, United States Code, §§ 3161(h)(7)(A) and 3161(h)(7)(B)(iv);

The Court further finds, for the above stated reasons, that as of March 24, 2010, four days of Speedy Trial Act time have elapsed in this action and 66 days remain in the period within which a trial must be held in this matter.

Dated: March 29, 2010
      Buffalo, NY

                                                    /s/William M. Skretny
                                                  WILLIAM M. SKRETNY
                                                          Chief Judge
                                              United States District Court